UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

INDUSTRIAL CARRIERS INC.,                          :

              Plaintiff,                    :

       - against -                                   :         08 CV 03446 (HB)
                                 ECF CASE

DYNACOAL LTD., GLOBAL COAL                          :
TRADE CO. LTD. a.k.a. GLOBAL COAL
TRADE, CHINA COAL TRADE CO. LTD.,                   :
DYNASHIPPING LTD.,
SUPER ENERJI MADENCILIK INS.                        :
SANAYI VE TICARET A.S. a.k.a. SUPER
ENERJI, SUPER KARBON MADENCILIK                     :
INS. SANAYI VE TICARET A.S. a.k.a.
SUPER KARBON, and ENERJI MADEN                      :
URUNLERI SANAYI VE TICARET A.S.
a.k.a. ENERJI MADEN,                                :

             Defendants.                    :
------------------------------------------------------------X



## VERIFIED AMENDED COMPLAINT

Plaintiff, INDUSTRIAL CARRIERS INC. (hereinafter referred to as "Plaintiff" or

"ICI"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Amended

Complaint against the Defendants, DYNACOAL LTD. (hereinafter "Dynacoal"), GLOBAL

COAL TRADE CO. LTD. a.k.a. GLOBAL COAL TRADE (hereinafter "Global Coal"), CHINA

COAL TRADE CO. LTD. (hereinafter "China Coal"), DYNASHIPPING LTD. (hereinafter

"Dynashipping"), SUPER ENERJI MADENCILIK INS. SANAYI VE TICARET A.S. a.k.a.

SUPER ENERJI (hereinafter "Super Enerji"), SUPER KARBON MADENCILIK INS. SANAYI

VE TICARET A.S. a.k.a. SUPER KARBON (hereinafter "Super Karbon") and ENERJI

MADEN URUNLERI SANAYI VE TICARET A.S. a.k.a. ENERJI MADEN (hereinafter

"Enerji Maden")(collectively referred to as the "Defendants") upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized under and existing by virtue of foreign law with a registered address in Majuro, Marshall Islands.

3.    Upon information and belief, Defendant Dynacoal was, and still is, a foreign corporation or other business entity organized under and existing by virtue of the laws of the British Virgin Islands.

4.    Upon information and belief, Defendant Global Coal was, and still is, a foreign corporation or other business entity organized under and existing by virtue of the laws of the British Virgin Islands with a registered agent and address as follows:  Mossack, Fonseca & Co. (BVI) Ltd. Akara Building, 24, De Castro Street, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands.

5.    Upon information and belief, Defendant China Coal was, and still is, a foreign corporation or other business entity organized under and existing by virtue of the laws of the British Virgin Islands with a registered agent and address as follows:  Mossack, Fonseca & Co. (BVI) Ltd. Akara Building, 24, De Castro Street, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands.

6.    Upon information and belief, Defendant China Coal also has a principal place of business at: Buyukdere Cadessi, Akabe Is Merkaezi No. 78-80 Kat 4, Mecidiyekoy, Istanbul, Turkey.

7.    Upon information and belief, Defendant Dynashipping was, and still is, a foreign corporation or other business entity organized under and existing by virtue of the laws of the British Virgin Islands with a registered agent and address as follows:  Mossack, Fonseca & Co. (BVI) Ltd. Akara Building, 24, De Castro Street, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands.

8.    Upon information and belief, Defendant Super Enerji was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a principal place of business as: Buyukdere Cadessi, Akabe Is Merkaezi No. 78-80 Kat 4, Mecidiyekoy, Istanbul, Turkey.

9.    Upon information and belief, Defendant Super Karbon was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a principal place of business as: Buyukdere Cadessi, Akabe Is Merkaezi No. 78-80 Kat 4, Mecidiyekoy, Istanbul, Turkey.

10.    Upon information and belief, Defendant Enerji Maden was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a principal place of business as: Buyukdere Cadessi, Akabe Is Merkaezi No. 78-80 Kat 4, Mecidiyekoy, Istanbul, Turkey.

11.    By a charter party dated October 10, 2007, the Plaintiff chartered the "MV PIONEER SKY" to the Defendant for the carriage of a cargo of "datong sized steam coal" from Qinhuangdao and Jingtang Port, China to Nemrut Bay and Diliskelesi, Turkey (hereinafter referred to as the "October 10 Contract").

12.    By a second charter party dated December 10, 2007, the Plaintiff chartered the "MV FOUR EARTH" to the Defendant for the carriage of a cargo of "bulk coal" from "1SB

JINTANGGANG AND/OR 1SB XINGANG" to "1SB NEMRUT BAY AND/OR 1SB

DILISKELESI" (hereinafter referred to as the "December 10 Contract")(collectively referred to

as the "charter parties" or the "charter party contracts").

13.    On or about January 17, 2008, Dynacoal requested that the account on the

December 10 Contract, be changed to "GLOBAL COAL TRADE." In the same letter, Dynacoal

stated that "PERFORMANCE OF A/C GLOBAL COAL TRADE IS FULLY GUARANTEED

BY A/C DYNACOAL LTD." *See letter from Dynacoal to Industrial Carriers dated 17.01.2008*

*annexed hereto as Exhibit "1."*

14.    Certain disputes arose between the parties when the defendants failed to pay

ocean freight, deadfreight, demurrage, cargo heating expenses and the costs of draft surveys in

breach of the charter party contracts.

15.    As a result of Defendants' breaches the charter party contracts, Plaintiff has

suffered damages in the principal amount of $712,276.15. *See December 19, 2007 Voyage*

*Statement of Accounts for the M/V Pioneer Sky annexed hereto as Exhibit "2." See February 27,*

*2008 Voyage Statement of Accounts for the M/V Four Earth annexed hereto as Exhibit "3."*

16.    Despite due demand, the Defendants have failed to pay the sums due and owing

as a result of its breaches of the charter party contracts.

17.    The charter party contracts provide that any disputes arising thereunder shall be

referred to London Arbitration with English law to apply.

18.    Plaintiff will soon commence arbitration and appoint its arbitrator in accordance

with the charter parties.

19.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London Arbitration. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $712,276.15 |
| | MV PIONEER SKY C/P dd. 10.10.2008 | $329,769.58 | |
| | MV FOUR EARTH C/P dd. 12.10.2008 | $382,506.57 | |
| B. | Estimated interest on claims: 3 years at 7.5% | | $178,048.25 |
| C. | Estimated arbitration costs and attorneys' fees: | | $200,000.00 |
| **Total** | | | **$1,090,324.40** |

**DEFENDANTS' RELATIONS**

**A.    DYNACOAL, GLOBAL COAL AND CHINA COAL**

20.    Upon information and belief, Defendant Dynacoal is the guarantor of Global Coal's performance under the December 12 Contract. *See Exhibit "1."*

21.    Global Coal and China Coal are the alter egos of Defendant Dynacoal because Dynacoal dominates and disregards Global Coal and China Coal's corporate forms to the extent that Dynacoal is actually carrying on the business and operations of Global Coal and Dynacoal as if the same were its own.

22.    Upon information and belief, Defendants Global Coal and China Coal are shell-corporations through which Defendant Dynacoal conducts its business.

23.    Upon information and belief, Dynacoal, China Coal, Global Coal are all undercapitalized with a mere "registered share capital" of USD 50,000.

24.    Upon information and belief, Dynacoal, Global Coal and China Coal share the following registered office, agent, phone number and fax number: c/o Mossack, Forseca & Co (BVI) Ltd., Akara Building, 24, De Castro Street, Wickhams Cay 1, Roadtown, Tortola, BVI, tel: +284 494 4840 and fax: +284 494 4841.

25.    Upon information and belief, none of the entities (Dynacoal, Global Coal and China Coal) have any true business or physical presence in the BVI.

26.    Upon information and belief, Defendant Dynacoal, Global Coal and China Coal are commonly and beneficially owned by Enerji Maden and Super Enerji.

27.    Upon information and belief, all of the day to day activities of Dynacoal, Global Coal and China Coal are performed by the offices of the group of Turkish coal companies known as Enerji Maden, Super Enerji and Super Karbon (the "Enerji Maden group").

28.    Upon information and belief, China Coal and Global Coal are alter egos of Dynacoal but are all ultimately dominated and controlled by the Enerji Maden group.

29.    Upon information and belief, Dynacoal, Global Coal and China Coal all hold bank accounts at the same bank in the Netherlands: "Akbank International NV."

30.    Furthermore, and despite the fact that China Coal had no known connection to the fixture of these Vessels, China Coal made several freight payments on both charter parties on behalf of Dynacoal to Plaintiff's agent. *See freight payments for the MV Four Earth and MV Pioneer Sky annexed hereto as Exhibit "4."*

31.    Upon information and belief, China Coal has a registered address in the BVI but has given the Enerji Maden group's Turkish address as its own. *See first freight payments for the MV Pioneer Sky annexed hereto as page 1 of Exhibit "4."*

6

32.     It is not common practice in the maritime industry for an independent company to pay another company's debt, where it has no formal relationship to the underlying charter party contract.

33.     Upon information and belief, Defendants Global Coal and China Coal are aliases, or agents of Defendant Dynacoal and/or Dynacoal is an alias, or agent of Defendants Global Coal and China Coal.

34.     Upon information and belief, Global Coal and China Coal have no separate, independent identity from Defendant Dynacoal.

35.     In the further alternative, Defendants Global Coal, China Coal and Dynacoal are partners and/or are joint venturers.

36.     In the further alternative, Defendants Global Coal, China Coal and Dynacoal are affiliated companies such that Defendants Global Coal and China Coal are now, or will soon be, holding assets belonging to Defendant Dynacoal and vice versa.

## B.     DYNACOAL AND DYNASHIPPING

37.     Dynashipping is the alter ego of Defendant Dynacoal because Dynacoal dominates and disregards Dynashipping's corporate form to the extent that Dynacoal is actually carrying on the business and operations of Dynashipping as if the same were its own.

38.     Upon information and belief, Dynashipping is a shell-corporation through which Defendant Dynacoal conducts its business.

39.     Like China Coal, Dynacoal and Global Coal, Dynashipping is also undercapitalized and was established on February 1, 2008 with only USD 50,000.

40.     Upon information and belief, Dynashipping has the following registered office, agent, phone number and fax number: c/o Mossack, Forseca & Co (BVI) Ltd., Akara Building,

24, De Castro Street, Wickhams Cay 1, Roadtown, Tortola, BVI, tel: +284 494 4840 and fax: +284 494 4841.

41.    Upon information and belief, this is also the same registered address, agent, phone number and fax number of Global Coal and China Coal.

42.    Upon further information and belief, none of these entities (Dynacoal, Dynashipping, Global Coal and China Coal) have any true business or physical presence in the BVI.

43.    Upon information and belief, all of the day to day activities of these companies are performed by the offices of the group of Turkish coal companies known as Enerji Maden, Super Enerji and Super Karbon (the "Enerji Maden group").

44.    Upon information and belief, Dynacoal, Dynashipping, China Coal and Global Coal are alter egos of each other but are all ultimately dominated by the Enerji Maden group.

45.    Upon further information and belief, Dynashipping has been described by non-party Aksoy Denizcilik Tasimacilik ve Ticaret Ltd. Sti. (hereinafter "Aksoy") as "a new name for Dynacoal."

46.    Upon information and belief, Defendant Dynashipping is an alias, or agent of Defendant Dynacoal and/or Dynacoal is an alias, or agent of Defendant Dynashipping.

47.    Upon information and belief, Dynashipping has no separate, independent identity from Defendant Dynacoal.

48.    In the further alternative, Defendants Dynashipping and Dynacoal are partners and/or are joint venturers.

49.    In the further alternative, Defendants Dynashipping and Dynacoal are affiliated companies such that Defendant Dynashipping is now, or will soon be, holding assets belonging to Defendant Dynacoal and vice versa.

50.    In the further alternative, Dynashipping, like Dynacoal, China Coal and Global Coal, are alter egos of the Enerji Maden Group.

51.    Upon information and belief, Defendants Dynashipping, Dynacoal, China Coal and Global Coal are aliases, or agent of the Enerji Maden group and/or the Enerji Maden Group is an alias, or agent of Defendants Dynashipping, Dynacoal, China Coal and Global Coal.

52.    Upon information and belief, Dynashipping, Dynacoal, China Coal and Global Coal have no separate, independent identity from the Enerji Maden group.

## C.    DYNACOAL, CHINA COAL AND THE ENERJI MADEN GROUP

53.    Dynacoal and China Coal are the alter egos of Defendants Super Enerji, Super Karbon and Enerji Maden because they dominate and disregard Dynacoal and China Coal's corporate form to the extent that Super Enerji, Super Karbon and Enerji Maden are actually carrying on the business and operations of Dynacoal and China Coal as if the same were their own.

54.    Upon information and belief, Dynacoal and China Coal are shell-corporations through which Defendants Super Enerji, Super Karbon and Enerji Maden conduct their business.

55.    Upon information and belief, Dynacoal, China Coal and Global Coal are commonly and beneficially owned by Enerji Maden and Super Enerji.

56.    Upon information and belief, China Coal, Super Enerji, Super Karbon and Enerji Maden all share an address of: Buyukdere Cadessi, Akabe Is Merkaezi No. 78-80, Kat 4, Mecidiyekoy, Istanbul, Turkey.

57.    Upon information and belief, Mr. Rasim Karaman, an employee or agent of Dynacoal, is also employed by or is an agent of Super Karbon. Mr. Karaman is the coal trading manager for Super Karbon and has also been the primary spokesperson and correspondent on behalf of Dynacoal for the charter of the M/V PIONEER SKY. *See Mr. Karaman's Super Karbon business card annexed hereto as Exhibit "5;" see also Mr. Karaman's name on the top of the M/V PIONEER SKY charter party annexed hereto as Exhibit "6;" see e.g. email between the Plaintiff's representative and Mr. Karaman on behalf of Dynacoal regarding the M/V Pioneer Sky charter party annexed hereto as Exhibit "7."*

58.    Upon information and belief, Dynacoal has chartered numerous bulk carriers to carry coal cargoes from the Chinese port to Qinghuangdao to various ports in Turkey. The cargoes were usually sourced from China National Coal Industry Qinghuangdao Import and Export Co. Ltd. and were all ultimately for the account of Enerji Maden and/or Super Enerji.

59.    Thus, upon information and belief, Dynacoal is being and has been used by Enerji Maden and/or Super Enerji to be the shell "buyer" of coal shipments from CNCIQ.

60.    Upon information and belief, Enerji Maden and Super Enerji share a common ownership headed by the following individuals: Ayhan Mizrackci, Nimet Arif Kurtel and Ibrahim Unsal Sert.

61.    Upon information and belief, Super Enerji and Super Karbon share common phone (+90 (0212) 288 44 74) and fax numbers (+90 (0212) 347 33 23). *See Super Enerji and Super Karbon business cards annexed hereto as Exhibit "5."*

62.    Upon information and belief, Enerji Maden and Super Enerji are known to share a common fax number of +90 212 288 0701.

63.    Upon information and belief, Dynacoal, Super Enerji and Super Karbon all share the same email stem @enerjiturk.net. *See Super Enerji and Super Karbon business cards annexed hereto as Exhibit "5;" see also Dynacoal's corresepondence with the Plaintiff annexed hereto as Exhibit "7."*

64.    In the alternative and upon information and belief, Defendants Dynacoal and China Coal are aliases, or agents of Defendants Super Enerji, Super Karbon and Enerji Maden and/or Defendants Super Enerji, Super Karbon and Enerji Maden are aliases, or agents of Defendants Dynacoal and China Coal.

65.    Upon information and belief, Dynacoal and China Coal have no separate, independent identity from Defendants Super Enerji, Super Karbon and Enerji Maden.

66.    In the further alternative, Defendants Dynacoal, China Coal, Super Enerji, Super Karbon and Enerji Maden are partners and/or are joint venturers.

67.    In the further alternative, these Defendants are affiliated companies such that Defendants Super Enerji, Super Karbon and Enerji Maden are now, or will soon be, holding assets belonging to Defendants Dynacoal/China Coal and vice versa.

68.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

69.    The Plaintiff seeks an order from this court directing the Clerk of Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental

Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States

Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by

any garnishees within the District for the purpose of obtaining personal jurisdiction over the

Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

       **WHEREFORE**, Plaintiff prays:

       A.    That process in due form of law issue against the Defendants, citing them to

appear and answer under oath all and singular the matters alleged in the Verified Amended

Complaint, failing which default judgment be entered against it in the sum of **$1,090,324.40.**

       B.    That since the Defendants cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue

an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also

pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels,

credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any

other funds up to the amount of **$1,090,324.40** belonging to, due or being transferred to, from, or

for the benefit of the Defendants, including but not limited to such property as may be held,

received or transferred in Defendants' name or as may be held, received or transferred for its

benefit at, moving through, or within the possession, custody or control of banking/financial

institutions and/or other institutions or such other garnishee(s) to be named, and that all persons

claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty

Rule B answer the matters alleged in the Complaint;

C.    That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendants as a judgment of this Court;

D.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: May 7, 2008
       New York, NY

                              The Plaintiff,
                              INDUSTRIAL CARRIERS INC.,

                        By:  _____
                              Lauren C. Davies (LD 1980)
                              Thomas L. Tisdale (TT 5263)
                              TISDALE LAW OFFICES LLC
                              11 West 42nd Street, Suite 900
                              New York, NY 10036
                              (212) 354-0025 – phone
                              (212) 869-0067 – fax
                              ldavies@tisdale-law.com
                              ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     )      ss.:    City of Southport
County of Fairfield  )

1.   My name is Lauren C. Davies.

2.   I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.   I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4.   I have read the foregoing Verified Amended Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.   The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.   The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.   I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      May 7, 2008
            Southport, CT

                                _____
                                Lauren C. Davies

# EXHIBIT 1

# DYNACOAL LIMITED

| | |
|---|---|
| TO | : INDUSTRIAL CARRIERS |
| FROM | : DYNACOAL LIMITED |
| CC | : DIAMAND ODESSA |
| ATT. | : VLADIMIR YUDAEV |
| REF. | : GUARANTEE LETTER AND CHANGE OF ACCOUNT ON RECAP AND CHARTER PARTY DATED 10.12.2007 |
| DATE | : 17.01.2008 |

DEAR MADAM OR SIR,

WE WOULD LIKE TO ASK YOU TO CHANGE THE ACCOUNT GLOBAL COAL TRADE INTO RECAP INSTEAD OF DYNACOAL FOR FORMALITY PURPOSE ONLY AND THAT PERFORMANCE OF A/C GLOBAL COAL TRADE IS FULLY GUARANTEED BY A/C DYNACOAL LTD.

WAITING FOR THE RECAP AND CHARTER PARTY SIGNED AND STAMPED BY YOUR ESTEEMED COMPANY.

BEST REGARDS,

DYNACOAL LIMITED

# EXHIBIT 2



*Registered Office : P.O. Box 1405, Majuro, Marshall Islands, MH. 96960*

# VOYAGE STATEMENT OF ACCOUNTS

19th of December, 2007

| | |
|---|---|
| Charterers | DYNACOAL LIMITED |
| Vessel | PIONEER SKY |
| C/P dated | 10.10.2007 |
| Cargo | DATONG SIZED STEAM COAL |
| Total Loaded Quantity | 74 076,000    MTs |
| Ports of loading | QINHUANGDAO + JINGTANG PORT, CHINA |
| Ports of discharge | NEMRUT BAY + DILISKELESI, TURKEY |

| | | | | | | |
|---|---|---|---|---|---|---|
| Ocean freight | 74 076,000 | mts @ USD | 60,40 per mt | = USD | 4 474 190,40 |
| Deadfreight | 1 200,000 | mts @ USD | 60,40 per mt | = USD | 72 480,00 |
| | | | | = USD | 4 546 670,40 |
| Total | | | | | |
| Less remitted by Charterers | | | | = USD | (4 099 930,00) |
| Less remitted by Charterers | | | | = USD | (150 445,88) |
| Less remitted by Charterers | | | | = USD | (223 674,52) |
| Less remitted by Charterers | | | | = USD | (118 794,58) |
| Plus demurrage at Loadports | | | | = USD | 118 829,58 |
| Plus demurrage at Dischports | | | | = USD | 255 514,58 |
| Plus 50 pct of cost for draft surveys at Load & Dischports | | | | = USD | 1 600,00 |
| | | | | | 329 769,58 |
| Total due to Owners | | | | | |

Please remit USD     329 769,58     to following bank account:

HSBC BANK PLC
93, AKTI MIAOULI STR., PIRAEUS BRANCH, GREECE
SWIFT NUMBER: MIDLGRAA
IBAN NUMBER:  GR67 0710 0010 0000 0106 6687 071
IN FAVOR OF: WEAVER INVESTMENTS INC
ACC. NO.: 001.066687.071
CORR BANK: HSBC BANK USA
  SWIFT: MRMDUS33,
  ACC. 000047791 OF HSBC BANK PIRAEUS GREECE

WITH REFERENCE: M/V PIONEER SKY / DYNACOAL VSOA

# EXHIBIT 3



CARRIERS inc
INDUSTRIAL

*Registered Office:* P.O. Box 1405, Majuro, Marshall Islands, MH, 96960

# VOYAGE STATEMENT OF ACCOUNTS

27th of February, 2008

| | |
|---|---|
| Charterers | DYNACOAL |
| m/v<br>C/P dated | FOUR EARTH<br>10.12.2007 |
| Cargo<br>Quantity | COAL IN BULK<br>69 370,000  mts |
| Port of loading<br>Port of discharge | JINGTANG<br>DILISKELESI, TURKEY |

| | | | | |
|---|---|---|---|---|
| Ocean freight | 69 370,000  mts @ USD | 50,00 per mt | = USD | 3 468 500,00 |
| Total | 69 370,000  mts @ USD | 50,00 per mt | = USD | 3 468 500,00 |
| Less remitted by Charterers on 22.01.08 | | | USD | (1 999 965,00) |
| Less remitted by Charterers on 29.01.08 | | | USD | (1 295 040,00) |
| Less dispatch at Load Port | | | USD | (8 948,33) |
| Plus expences due to call Singapore due to cargo heating | | | USD | 172 029,90 |
| Plus demmurage at Disch ports | | | USD | 45 030,00 |
| Plus costs for draft surveys, 50% | | | USD | 900,00 |
| Total due to Owners | | | USD | 382506,57 |

**Please remit USD**      **382 506,57**      **to following bank account:**

**HSBC BANK PLC**
**93, AKTI MIAOULI STR., PIRAEUS BRANCH, GREECE**
**SWIFT NUMBER: MIDLGRAA**
**IBAN NUMBER: GR67 0710 0010 0000 0106 6687 071**
**IN FAVOUR OF: WEAVER INVESTMENTS INC**
**ACC. NO.: 001.066687.071**
**CORR BANK: HSBC BANK USA**
           **SWIFT: MRMDUS33,**
           **ACC. 000047791 OF HSBC BANK PIRAEUS GREECE**

WITH REFERENCE: M/V FOUR EARTH / DYNACOAL

# EXHIBIT 4

07Dec2007   MLO/MRMDU533   /R/MT103 /7341061517937 /341411222   /09000/086534/USD/160445.88
{1:F01MIDLGRAAAXXX8132066534}
{2:O1031247071207MRNDU533AXXX7452411602071120719947N}
{3:{108:0734410089742}}
{4:
:20:341411222
:23B:CRED
:32A:071207USD150445,88
:33B:USD150480,88
:50K:076121133360
CHINA COAL TRADE CO LTD
BUYUKDERE CADDESI
AKABE IS MERKEZI 78-80
KAT4 MECIDYEKOY
:52A:AKBKNL2RXXX
:53B:/00047791
:59:GR6707100010000001066687071
WEAVER INVESTMENTS INC
:70:PAYMENT IN REFERENCE WITH THE FREIG
HT AMOUNT OF MV PIONEER SKY GP DATE
D 40.10.2007
:71A:SHA
:72:/ACC/FFC TO YR PIRAEUS BR
/NS/C0509 WACHOVIA BANK N A - NEW
IYORK
-}
{5:{CHK:9C0DF6FA8A26}}

2007-12-07-17.47.46   FIN Inbound Msg Sent To LT MIDLGRAAA And Sent To Parser With Priority 0 Using default MPR Rule
2007-12-07-17.47.47   Message passed to Swift Receive Mapper queue
2007-12-07-17.47.47   Message passed to Router Queue with priority 0 using default MPR rule
2007-12-07-17.47.47   Message routed to FILTXQ using 2024,2036,2170 rule, with priority 0 using default MPR rule and no MPC rule
2007-12-07-17.47.47   Filter request sent via link 2 using MIDLGR blacklist
2007-12-07-17.47.48   Message cleared by filter using blacklist MIDLGR
2007-12-07-17.47.59   Message routed to MQ389IRDYQ using 2076,2103,2428 rule, with priority 0 using default MPR rule and no MPC r
ute
2007-12-07-17.47.59   Ownership assigned to dept MLO,
2007-12-07-17.47.59   Message passed to MQS Application
2007-12-07-17.47.59   GMG MQS Link 69 Processed ACK from Application

MV Pioneer Sky payment





This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com



**HSBC** Group Messaging Gateway
Display > Message Inquiry > ARF

17Mar2008
13:59:38

Control  Display  Message  Report  Administration                Sign Out



ARF Message

⚫ Translated Message (B)    ⚫ As Transmitted Format (T)    ⚫ Message Log (Z)    ⚫ Refine Search (F)    ⚫ View Search Results (M)    ⚫ Exit (X)

```
IRN      080290235348        SWF11                    MQ869      ORIG          MMMD0633XXX
DEST     MIDLGRAAXXX MT      103                      ZZZ/45     CSN           23650
DRN      029371661      CCY  USD                      AMT  1285040 000 IG DEPT CBL
DEST DEPT MLQ       SRN      29MIDLGRAAXXX023650DDM    N          CURRENT       COMPLETE
CRSSN                                                            QUEUE
SRN

Message
         (1: F01MIDLGRAAXXX8144023650)
         (2: O1030453080129MFMDUS33BXXX20225307270801291153N)
         (3: (108: 08029001(1679))
         (4:
         20 029371661
         23B: CRED
         32A: 080129USD1295040.00
         33B: USD1295075.00
         50K: /0791233380
         CHINA COAL TRADE CO LTD
         AKARA BLDG. 24 DE CASTRO STREET
         WICKHAMS CAY - ROAD TOWN
         TORTOLA, BVI
         52A: AKBKNLZXXX
         53B: 7000047791
         59: /GR67071000100000010666887071
         WEAVER INVESTMENTS INC
         /O: PAYMENT IN REFERENCE WITH INVOICE N
         RI DATED 09 01 2008 CP DATED 10 12
         2007
         71A: SHA
         72: /INS/C0509 WACHOVIA BANK N A NEW
         //YORK
         )
         (5: (CHK: E865FD495CE8))
```

⚫ Previous Reference (Q) Message 1 Of 1 ⚫ Next Reference (R)

⚫ Translated Message (B)    ⚫ As Transmitted Format (T)    ⚫ Message Log (Z)    ⚫ Refine Search (F)    ⚫ View Search Results (M)    ⚫ Exit (X)

M/V Four Earth payment

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com



**HSBC** Group Messaging Gateway
Display > Message Inquiry > ARF

17Mar2008
12:21:16

Control   Display   Message   Report   Administration                    Sign Out

**ARF Message**

● Translated Message (B)    ● As Transmitted Format (T)    ● Message Log (Z)    ● Refine Search (F)    ● View Search Results (M)    ● Exit (X)

```
TRN      080360390678     SWIFT         MSG     0001  MSG69    ORIG         MRMDUS833XXX
DEST     MIDLGRAAXXX MT   103           CSN     226361 OSN               33871
TRN      036389774        CCY    USD    AMT     118794.58 ORIG DEPT      CBD
DEST DEPT MLQ             TRN    09MIDLGRAAAXXX033871FDM  N   CURRENT     COMPLETE
PARENT                                                        QUEUE
TRN
```

Message

```
{1:F01MIDLGRAAAXXX8145033871D}
{2:O1030941080205MRMDUS833XXX07037318ST0802050104DN}
{3:{108:080360390674991}}
{4:
:20:036389774
:23B:CRED
:32A:080205USD118794.58
:33B:USD118829.58
:50K:/0781233388
CHINA COAL TRADE CO LTD
AKARA BLDG., 24 DE CASTRO STREET
WICKHAMS CAY 1 ROAD TOWN
TORTOLA, BVI
:52A:AKBKNL2RXXX
:53B:/900004789
:59:/GR6701000100800001066687C7H
WEAVER INVESTMENTS INC
:70:PAYMENT IN REFERENCE WITH INVOICE D
ATED 06.12.2007 CH DATED 10.10.2007
LC TERM
:71A:SHA
:72:/ACC/TR PIRAEUS BR
/INS/COSCO WACHOVIA BANK N/A   NEW
//YORK
:5:{CHK:E9C0F032C0C7}}
```

● Translated Message (B)    ● As Transmitted Format (T)    ● Message Log (Z)    ● Refine Search (F)    ● View Search Results (M)    ● Exit (X)

*MIV Pioneer Sky payment*

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com



**HSBC**   Group Messaging Gateway
Display > Message Inquiry > ARF

17Mar2008
12:19:54

Control Display Message Report Administration     Sign Out



ARF Message

● Translated Message (B)    ● As Transmitted Format (T)    ● Message Log (Z)    ● Refine Search (F)    ● View Search Results (M)    ● Exit (X)

```
IRN    08023048542 IN      SWIFT             INCT  MO569    ORIG                MMDUS33XXX
DEST   MIDLGRAAXXX MO  103                    OUT  MO569    OSN                 16381
TRN    023416599       COV  USD               TSN  223597   ISN                 CBL
DEST DEPT MLO           SRN  23MIDLGRAAXXX016881FPM  AVD  223674 52ORIG DEPT    CURRENT    COMPLETE
                                                                                QUEUE
PARENT
IRN

MO569IN
  {1:F01MIDLGRAAXXX8074201688I}
  {2:O1031157080123MRMDUS33DXXXX06754255470801231857N}
  {3:{108:080200009472IF}}
  {4:
  :20:023416599
  :23B:CRED
  :32A:080123USD223674,52
  :33B:USD223709,52
  :50K:/0781233380
  CHINA COAL TRADE CO LTD%
  AKARA BLDG.  24 DE CASTRO STREET
  WICKHAMS CAY 1, ROAD TOWN
  TORTOLA, BVI
  :52A:ABBKNL2RXXX
  :53B:/000047791
  :57A://GR6707100D10000001066GBJ071
  WEAVER INVESTMENTS INC
  :70://RFB/PAYMENT IN REFERENCE WITH //IN
  VOICE DD :06.12.2007, //CP DD  10.1
  0.2007 P.SKY
  :71A:SHA
  :72://ACC//R PIRAEUS BRANCH
  /INS/C0509 WACHOVIA BANK N.A.  NEW
  //YORK
  -}
  {5:{CHK:1318E7CAB94C}}
```

● Translated Message (B)    ● As Transmitted Format (T)    ● Message Log (Z)    ● Refine Search (F)    ● View Search Results (M)    ● Exit (X)

*M/V pioneer sky payment*

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

# EXHIBIT 5



**NATHALIE WELTER**
IMPORT MANAGER ASSISTANT

SÜPER ENERJİ MADENCİLİK İNS.
SAN. VE TİC. A.Ş.
Büyükdere Cad. Akabe İş Merkezi
No: 78-80 Kat: 4 Mecidiyeköy
34387 İstanbul Turkey
Tel: +90 (212) 395 4- 74
Fax: +90 (212) 347 35 23
E-mail: nwelter@enerjilux.net



**Rasim Karaman**
Coal Trading Manager

**SÜPER KARBON ENERJİ MADENCİLİK SAN. ve TİC. A.Ş.**
Büyükdere Cad. Akabe İş Merkezi No:78-80 Kat: 4 - 34387 Mecidiyeköy-İSTANBUL/TURKEY
Phone. +90 (212) 288 44 74 Pbx  Fax: +90 (212) 347 35 23
E-mail: rkaraman@enerjilux.net

# EXHIBIT 6

RASIM / VLADIMIR

RE          M/V 'PIONEER SKY' / DYNACOAL


UPON CHARTERERS CONFIRMATION BY PHONE THAT ALL SUBS
ARE LIFTED THE VESSEL IS CLEAN FIXED

VESSEL'S ITINERARY:

ETA DISCHPORT ON 15/10 AGW WP UCE
ETC DISCHPORT ON 17-18/10 AGW WP UCE
ETA LOADPORT ON 18-19/10 AGW WP UCE


PLS FIND BELOW CLEAN FIXTURE RECAP:

    M/V 'PIONEER SKY'
    CLASS : RINA
    GLESS BC MALTA FLAG BLT 1983
    ABT 81,659 MT DWAT ON 14.05 SSW TPC 74,80
    LOA 259.01M/BEAM 32.25M/CONST 530
    9 HO/9 HA - SIDEROLLING HATCH COVERS
    GRAIN  3,306,733 CUFT
    HASIZES: NO.1-3-5-7-9 11,736X14M  NOS.2-4-6-8 15,648X14M
    ALL DETS ABT


-T/C OWNERS: INDUSTRIAL CARREIRS INC
-70.000MT 10 PCT MOLOO COAL IN BULK STOWING ABOUT 47'
-LOADPT : 1SB JING TANG GANG AND/OR 1SB QINHUANGDAO
-DISPT  : 1 SB ISKENDERUN AND/OR NEMRUT
-D/PS IN GEOG ROTAION FM SOUTH TO NORTH, CHRTS WILL DECLARE D/P LATEST
 PASSING SUEZ
-LAYCAN: 18-25  OCTOBER ( CAN BE NAROWER)
-LOAD RATE :20.000 MT PWWD OF 24 CONSEC HRS SHINC
-DISC RATE :15.000 MT PWWD OF 24 CONSEC SHINC BSS ISKENDERUN
            12.000 MT PWWD OF 24 CONSEC SHINC BSS NEMRUT
-LAYTIME FOR LOADING SHALL COMMENCE 12 HRS AFTER NOR TENDERED UNLESS
 LOADING HAS COMMENCED EARLIER IN WHICH CASE ACTUAL TIME USED TO COUNT.
-12 HRS T/TIME AT D/PORT UNLESS SOONER COMMENCED .IF 2 D/P TO BE USED
 THEN LAYTIME STARTS TO COUNT ON ARRL
-FRT: USD 57.75 PMT FIO GRAB TRIMMING ONLY BSS 1/1 JING TANG GANG/ISKENDERUN
      USD 58.50 PMT FIO GRAB TRIMMING ONLY BSS 2/1 D/P ISKENDERUN
      USD 60.00 PMT FIO GRAB TRIMMING ONLY BSS 2/2 D/PS ISKENDERUN AND NEMRUT
-95 PCT OF FREIGHT PAYABLE LESS COMM W/I 5 BDAYS ACOL AND S/R BS/L WHICH
 TO BE PAID
 "FRT PAYABLE AS PER C/P DD.. TO OWS" AND "CLEAN ON BOARD"
-FREIGHT DEEMED EARNED ON CARGO BEING LOADED DISCOUNTLESS AND
 NON-RETURNABLE VESSEL AND/OR CARGO LOST OR NOT LOST.
-NOR TO BE TENDERED W/W/W/W FM 8 AM TO 5 PM FM MONDAY TO FRIDAY AND FM 8
 AM TO 12 NOON ON SATURDAY AT L/P, W/I 8/17 HRS SHINC AT D/P(S) - USCATUTC
-DEMURRAGE USD 75,000 PDPR/HDWTS BE
-BALANCE FRT TO BE SETTLED TOGETHER WITH DEM/DIS W/I 30 DAYS AFTER
 COMPLETION OF DISCH
-ANY TAX/DUES ON CARGO. TO BE FOR CHARTERER'S ACCOUNT.
 ANY TAX/DUES ON VESSEL/FREIGHT TO BE FOR OWNER'S ACCOUNT
-CHARTERER'S AGENT BE - OFFICIAL TARIFF TO APPLY AT D/P,
 L/P TO BE COMPETITIVE AND CUSTOMARY
 MR. MICHEAL ZHANGLIE /CHINA
 MOBILE NUMBER : 008613315598388
 EMAIL: michaelzhang11@gmail.comAT
 AT DISPORT - OFFICAL TARIFF TO APPLY FOR PORT DISB
-ARBITRATION IN LONDON, ENGLISH LAW TO APPLY
-OWISE AS PER C/P DD 27.07.2007 M/V 'SWIFT FAME' / DYNACOAL

BEST REGARDS
VLADIMIR YUDAEV

DIR: +38 048 716 5590
MOB: +38 050 484 3484
FAX: +38 048 234 3926
EML: CHARTERING@DIAMANT.COM.UA

# EXHIBIT 7

-----Original Message-----\>
From: Rasim Karaman <rkaraman@enerjiturk.net>
To: Oper DT <operations@diamant.com.ua>;
Received: 21.03.2008 14:32:24
Subject: [IVANOV_V] SETTLEMENT FOR PIONEER SKY

> VLADIMIR
>
> GOOD DAY, WE WILL REMIT SOME AMAOUNT REGARDING TO WHAT WE HAD DISCUSSED WHILE
> YOU WERE IN ISTANBUL ABOUT MV PIONEER SKY DEM SETTLEMENT, PLS SEND US
> CONFIRMATION TELLING THAT YOU CAN ACCEPT THE REMITANCE FROM THE ACCOUNT OF
> (CHINA COAL TRADES) TO YOUR ACCOUNT
>
> WAITING FOR YOUR SOONEST REPLY ABOUT THE MATTER
>
>
> BEST REGARDS
>
> RASIM
>

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email