UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDUSTRIAL CARRIERS INC.,

        Plaintiff,

  - against -

DYNACOAL LTD., GLOBAL COAL
TRADE CO. LTD. a.k.a. GLOBAL COAL
TRADE, CHINA COAL TRADE CO. LTD.,
DYNASHIPPING LTD.,
SUPER ENERJI MADENCILIK INS.
SANAYI VE TICARET A.S. a.k.a. SUPER
ENERJI, SUPER KARBON MADENCILIK
INS. SANAYI VE TICARET A.S. a.k.a.
SUPER KARBON, and ENERJI MADEN
URUNLERI SANAYI VE TICARET A.S.
a.k.a. ENERJI MADEN,

        Defendants.
------------------------------------------------------------X

08 CV 03446 (HB)
ECF CASE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/08

## STIPULATION AND TURN OVER ORDER
## IN RESPECT OF ATTACHED PROPERTY

IT IS HEREBY STIPULATED AND AGREED between the parties, by their undersigned attorneys, as follows:

WHEREAS the plaintiff, INDUSTRIAL CARRIERS INC. (hereinafter referred to as "Industrial" or "Plaintiff"), and the defendants DYNACOAL LTD. (hereinafter "Dynacoal"), GLOBAL COAL TRADE CO. LTD. a.k.a. GLOBAL COAL TRADE (hereinafter "Global Coal"), CHINA COAL TRADE CO. LTD. (hereinafter "China Coal"), DYNASHIPPING LTD. (hereinafter "Dynashipping"), SUPER ENERJI MADENCILIK INS. SANAYI VE TICARET A.S. a.k.a. SUPER ENERJI (hereinafter "Super Enerji"), SUPER KARBON MADENCILIK INS. SANAYI VE TICARET A.S. a.k.a. SUPER KARBON (hereinafter "Super Karbon") and ENERJI MADEN

URUNLERI SANAYI VE TICARET A.S. a.k.a. ENERJI MADEN (hereinafter "Enerji Maden")(collectively referred to as the "Defendants") have agreed to settle their disputes concerning two charter parties by which Plaintiff contracted with the defendant Dynacoal for the carriage of two cargoes of coal from China to Turkey. Disputes arose between the parties concerning Dynacoal's failure to pay ocean freight, deadfreight, demurrage, cargo heating expenses and the costs of draft surveys in breach of the above mentioned charter parties. The Plaintiff filed this action against the Defendants seeking an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

WHEREAS Industrial and the Defendants have entered into a written settlement agreement that provides that the Defendants shall pay to Industrial the sum of $290,000.00 United States Dollars; and

WHEREAS on or about May 27, 2008 garnishee Bank of New York acting pursuant to the Ex Parte Order of Maritime Attachment and the Process of Maritime Attachment and Garnishment, restrained and attached Defendants' property, *i.e.* an electronic funds transfer, in the total amount of $250,000.00; and

WHEREAS on or about May 27, 2008 garnishee ABN Amro acting pursuant to the Ex Parte Order of Maritime Attachment and the Process of Maritime Attachment and Garnishment, restrained and attached Defendants' property, *i.e.* an electronic funds transfer, in the total amount of $344,000.00; and

WHEREAS Industrial and the Defendants have agreed that the Defendants will fund the $290,000.00 settlement from the funds currently under attachment pursuant to the Ex Parte Order of Maritime Attachment; and

WHEREAS Industrial and the Defendants agree that $290,000.00 of the Defendants' attached funds should be released pursuant to the instructions of the undersigned attorneys for Industrial for final credit to Industrial; and

WHEREAS Industrial and the Defendants agree that any and all other property/funds other than the $290,000.00 settlement payment should be released pursuant to the instructions of the Defendants' undersigned attorneys for final credit to the Defendants;

WHEREAS Industrial and the Defendants have agreed that after Industrial has received the $290,000.00 settlement payment into its account and the Defendants have received any and all other property/funds attached pursuant to Ex Parte Order, Industrial and the Defendants shall then prepare and file a stipulation of dismissal that provides for the dismissal of this action with prejudice;

WHEREAS Industrial and the Defendants have agreed that this Court shall retain jurisdiction to enforce this Stipulation and Order;

IT IS HEREBY ORDERED that garnishee ABN Amro shall effect an electronic funds transfer in favor of Industrial in the amount of $290,000.00, which amount shall be deducted from the Defendants' property that ABN Amro currently holds under attachment, and that ABN Amro shall pay this amount to the account specified by Industrial's undersigned attorneys and that any bank fees associated with the transferring of the settlement funds to the Industrial account shall not be deducted from the transferred funds; and

IT IS FURTHER HEREBY STIPULATED AND ORDERED that the $290,000.00 settlement payment from the Defendants to Industrial shall not be subject to any attachment by any of the Defendants in New York;

IT IS FURTHER HEREBY STIPULATED AND ORDERED that the balance of any and all funds/property under attachment at ABN Amro, other than the settlement payment of $290,000.00, shall be immediately released to the account specified by Defendants' undersigned attorneys, as soon as Industrial has received the settlement payment into its account;

IT IS FURTHER HEREBY STIPULATED AND ORDERED that any and all funds/property under attachment at Bank of New York, specifically the $250,000 restrained on May 27th, 2008, shall be immediately released, to the account specified by Defendants' undersigned attorneys, as soon as Industrial has received the settlement payment into its account;

IT IS FURTHER HEREBY STIPULATED AND ORDERED that the balance of the funds to be paid to the Defendants shall not be subject to any attachment by Industrial in New York; and

IT IS FURTHER HEREBY STIPULATED AND ORDERED that once Industrial has received its settlement funds and the Defendants have received any and all other funds/property under attachment other than the settlement payment of $290,000.00, Industrial and the Defendants shall then file a Stipulation of Dismissal with prejudice and without costs to any party.

The Plaintiff,
INDUSTRIAL CARRIERS INC.,

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 2162)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036

-4-


(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

The Defendants,

By: *[signature]*
Patrick C. Crilley (PC-9057)
Of Counsel to
Richard A. Zimmerman (RZ 0963)
Attorneys for All Defendants
233 Broadway – Suite 2202
New York, NY 10279
(212) 619-1919

SO ORDERED:

*[signature]* 6/20/08
Honorable Harold Baer, U.S.D.J.